UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VISIONARY SLEEP, LLC; SECOND ACT SLEEP PRODUCTS, LLC<br><br>Defendants. | Case No. 1:22-cv-5085<br><br>**GREAT AMERICAN ALLIANCE INSURANCE COMPANY'S COMPLAINT FOR BREACH OF CONTRACT; DEMAND FOR JURY TRIAL** |

Plaintiff Great American Alliance Insurance Company ("Great American") brings this Complaint for breach of contract against Defendants Visionary Sleep, LLC ("Visionary Sleep") and Second Act Sleep Products, LLC ("Second Act") (collectively referred to as "Defendants"), relating to their failure to make payments due under a series of insurance policies and endorsements issued by Great American as follows:

## PARTIES

1. Plaintiff Great American is a corporation organized and existing under the laws of Ohio, with its principal place of business in Ohio at 301 East Fourth Street, Cincinnati, Ohio 45202.

2. Defendant Visionary Sleep is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Illinois at 1721 Moon Lake Blvd. #205, Hoffman Estates, Illinois 60169.

3. Defendant Second Act is a limited liability company organized and existing under the laws of Illinois, with its principal place of business in Illinois at 1721 Moon Lake Blvd. #205, Hoffman Estates, Illinois 60169.

## JURISDICTION AND VENUE

4. Great American files this action in the United States District Court for the Northern District of Illinois on the basis of diversity of citizenship.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity between Great American and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Diversity of citizenship exists when a suit is between citizens of different States. 28 U.S.C. §1332(a). For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). A corporation is a citizen of the state in which it is incorporated and the state of its principal place of business. As set forth below, there is an actual controversy between the parties.

6. Great American is informed and believes and thereon alleges that each defendant is subject to personal jurisdiction in the State of Illinois because each has principal places of business in Illinois.

7. Defendant Visionary Sleep is a limited liability company formed in Delaware, with a principal place of business in Illinois. According to a Statement of Information provided to the California Secretary of State, the Chief Executive Officer of Visionary Sleep is Robert Sheman, and its sole member is Jayesh Patel, both of whom are Illinois residents residing in Hoffman Estates, Illinois. *See* Stamos Decl., ¶ 2, Exhibit A. Thus, Visionary Sleep is subject to personal jurisdiction in Illinois because, upon information and belief, it is a limited liability company with one member who is a citizen of Illinois.

8. Defendant Second Act is a limited liability company formed in Illinois, with a principal place of business in Illinois. According to a Statement of Information provided to the California Secretary of State, the Chief Executive Officer of Visionary Sleep is Robert Sheman, and its sole member is Jayesh Patel, both of whom are Illinois residents residing in Hoffman Estates, Illinois. *See* Stamos Decl., ¶ 3, Exhibit B. Thus, Visionary Sleep is subject to personal jurisdiction in Illinois because, upon information and belief, it is a limited liability company with one member who is a citizen of Illinois.

9. Upon information and belief, venue in this Court is proper pursuant to 28 U.S.C. § 1391 because all of the Defendants are subject to the personal jurisdiction of this Court.

## STATEMENT OF FACTS

10. Pursuant to a series of insurance policies and endorsements issued by Great American to Visionary Sleep and Second Act, Great American agreed to provide workers compensation insurance to the Defendants. In turn, the Defendants agreed to pay certain amounts of premium for the policies, as well as to reimburse Great American up to the $265,000 per-accident deductible for each payment Great American made on the Defendants' behalf under the policies. In addition, each of the Defendants entered into a Deductible Security Collateral Agreement ("Security Agreement") pursuant to which the Defendants agreed to be jointly and severally liable for all obligations that may come due under the policies. Despite their obligations under the policies and the Security Agreement, Defendants have failed to pay Great American $192,632.80 for premiums and deductibles in breach of their contractual obligations. Therefore, Great American further alleges as follows:

11. Great American is a duly licensed insurance company and issued a workers compensation policy, policy number WCE42516400, with effective dates of December 12, 2018 to December 12, 2019 to Defendants. A true and accurate copy[1] of this policy and its endorsements is attached as **Exhibit A**.

12. The workers compensation policy issued to Defendants was renewed with effective dates of December 12, 2019 to December 12, 2020, under policy number WCE42516401. A true and accurate copy[2] of this policy and its endorsements is attached as **Exhibit B**.

13. The workers compensation policy issued to Defendants was renewed with effective dates of December 12, 2020 to December 12, 2021, under policy number WCE42516402. A true and accurate copy[3] of this policy and its endorsements is attached as **Exhibit C**. Policy number WCE42516400, WCE42516401, and WCE42516402 are collectively referred to as the "Policies."

---

[1] Proprietary premium information has been redacted.
[2] Proprietary premium information has been redacted.
[3] Proprietary premium information has been redacted.

14. Defendants agreed to pay Great American an estimated annual premium to purchase and renew the Policies. The premiums are adjusted at the end of the year via an audit of certain financial and statutorily defined metrics. Defendants agreed to pay all premiums, including any increase in premium that resulted from adjustments at the end of the year due to the audit. Specifically, Part Five, Sections D and E of the Policies states:

> **D. Premium Payments**
>
> You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid. **The due date for audit and retrospective premiums is the date of the billing**[4].
>
> **E. Final Premium**
>
> The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest premium for the classifications covered by this policy. . .

15. The Policies also included a deductible in exchange for a lower premium payment. As such, Great American agreed to administer and pay any claims under the Policies and Defendants agreed to reimburse Great American for amounts paid by Great American on behalf of the Defendants up to the amount of the deductible. Paragraph B of the Workers Compensation and Employers Liability Policy Large Deductible Program Endorsement (the "Deductible Endorsement") in part states:

> 1. In consideration of a reduced premium, you agree to reimburse us, up to the per accident deductible amount(s) stated on the above schedule, for each payment we make on your behalf under this policy, including payments for benefits, damages, and "Allocated Loss Adjustment Expense".

16. The deductible for each of the Policies was $265,000 per accident.

---

[4] As amended by endorsement.

17. The Policies also included an aggregate limit, similar to an out-of-pocket maximum. Once the Defendants paid the aggregate limit, Great American then agreed to bear the risk of loss for future claims. Since multiple polices were issued, this limit was aggregated across the Policies.

18. The estimated aggregate limit under the Policies during the 2018-2019 term was $265,000, $273,454 for the 2019-2020 term and $404,550 for the 2020-2021 term.

19. In connection with the Policies, Great American entered into the Security Agreement with the Defendants on December 12, 2018. A true and accurate copy of the Security Agreement is attached as **Exhibit D**.

20. Under the terms of the Security Agreement, the Defendants agreed to be jointly and severally liable for all obligations under the Policies, including the obligation to pay premium and deductible(s) under the Policies.

21. Great American received and administered multiple claims under the Policies and fully complied with their obligation under the Policies to administer and pay these claims. The aggregate amount of these claims did not exceed the aggregate limits set forth in any of the Policies.

22. Great American duly notified the Defendants of claims it administered and paid under the Policies and billed the Defendants for reimbursement of the outstanding amount of the deductible.

23. Under Paragraph H of the Deductible Endorsement, Defendants are required to make payment on any outstanding deductible "promptly" but in no case more than 30 days after Great American sends notice of the payment.

24. The Defendants have failed to pay all premium and reimburse Great American for deductible amounts despite their obligation to do so under the Policies and the Security Agreement. The following amounts have not been paid:

| Policyholder | Policy # | Delinquent Premium Payments (incl. audit) | Delinquent Deductible Payments | Total |
|---|---|---|---|---|
| | | | | |

| Visionary Sleep, LLC | WCE42516402 | $72,771.00 | $98,094.18 | $170,865.18 |
|---|---|---|---|---|
| Visionary Sleep, LLC | WCE42516400 | | $21,767.62 | $21,767.62 |
| **TOTAL DELINQUENT** | | | | **$192,632.80** |

25. The Defendants' current liability to Great American is $192,632.80. The Defendants' responsibility for these amounts in full is undisputed.

26. The Policies expired on December 12, 2021 but the Defendants remain liable for any unpaid premium or deductibles, and for the deductible for claims incurred during the coverage period that are paid by Great American after the expiration date of the Policies. Defendants' obligations continue to accrue under the Policies.

27. The terms of the Security Agreement allow for the collection of attorney's fees and costs in the event of a breach by Defendants.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

28. Great American incorporates herein by reference, as if fully restated, each of the allegations in the paragraphs above.

29. The Policies are legally binding, enforceable contracts between Great American and the Defendants.

30. The Security Agreement is a legally binding, enforceable contract between Great American and Defendants.

31. The Defendants agreed to pay Great American all obligations under the Policies and the Security Agreement.

32. Great American has fully performed all of its obligations under the Policies and the Security Agreement.

33. As of the date of this Complaint, the Defendants have refused to pay to Great American a total of $ 192,632.80 in premium and deductible payments that Great American has properly invoiced to Defendants, in breach of their contract(s) with Great American.

34. The Defendants are jointly and severally liable for payments of premium and deductible pursuant to the terms of the Polices and the Security Agreement, and Great American may collect the entire outstanding balance from either or both of the Defendants.

35. Great American is entitled to collect attorney's fees and costs for the Defendants' breach.

## **PRAYER FOR RELIEF**

WHEREFORE, Great American respectfully requests the Court to enter judgment as follows:

1. For judgment in favor of Great American against the Defendants, jointly and severally, in the amount of **$ 192,632.80** plus the amount of additional audit premium and deductibles that accrue and become due through the date of judgment;
2. For pre-judgment interest in accordance with law;
3. For costs of suit and reasonable attorney's fees to the extent recoverable by law; and
4. For such other relief to Great American as the Court may deem just and proper.

## **JURY DEMAND**

36. Plaintiff hereby demands a trial by jury on all claims so triable.

| | |
|---|---|
| Dated: September 19, 2022 | CLYDE & CO US LLP |

By: /s/ *John J. Stamos*
Alexander E. Potente (IL Bar No. 6244755)
Alex.Potente@clydeco.us
John J. Stamos (IL Bar No. 6333402)
Jack.Stamos@clydeco.us
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
Attorneys for Plaintiff,
GREAT AMERICAN ALLIANCE
INSURANCE COMPANY
